IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. 3:04-CR-289-H |
| | * | |
| JAMES DEMIK (1). | * | |

## ORDER

Before the Court are the Amended Findings, Conclusions, and Recommendation of the United States Magistrate Judge, filed April 8, 2005, related to Defendant James DeMik's ("DeMik") Motion for Extension of Time for Filing, filed March 15, 2005, and Defendant DeMik's Motion to Adopt Co-Defendant's Motions, filed March 15, 2005.

The Court has made the required independent review of the pleadings, files, and records in this case and the Findings and Conclusions of the Magistrate Judge. Having done so, the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge should be ADOPTED in part and AMENDED in part as set forth below.

The Court concludes that the Findings and Conclusions of the Magistrate Judge are correct as to Defendant's Motion for Extension of Time for Filing and they are **ADOPTED** as the Findings and Conclusions of the Court.

The Court addresses the Findings and Conclusions of the Magistrate Judge as to Defendant's Motion to Adopt Co-Defendant's Motions as follows.

Defendant's Motion to Adopt Co-Defendant's Motions was timely filed. Generally, courts are fairly liberal in granting motions to adopt, especially where the underlying facts are equally

1

applicable to the adopting defendant and the moving defendant. *See United States v. Harris*, 932 F.2d 1529, 1533 (5th Cir. 1991). Where a fact-specific inquiry is required, such as in a motion to suppress or where arguments related to insufficiency of evidence are raised, a motion to adopt is not appropriate. *See United States v. Colon*, No. 97-CR-659, 1998 WL 214714, at *1 (N.D. Ill. Apr. 21, 1998); *see also United States v. Davis*, 61 F.3d 291, 296 n.2 (5th Cir. 1995).

DeMik's Motion to Adopt Co-Defendant's Motions relates to three motions: Co-Defendant Aamir Sattani's ("Sattani") Motion for Judgment of Acquittal, filed March 15, 2005; Sattani's Motion in Arrest of Judgment, filed March 15, 2005; and Sattani's Motion for New Trial, filed March 15, 2005.

Sattani's Motion for Judgment of Acquittal is based entirely on arguments related to the sufficiency of evidence. As such, DeMik should not be able to adopt Sattani's Motion for Judgment of Acquittal without some factual basis for alleging similarity, which DeMik has failed to timely provide. Accordingly, DeMik's Motion to Adopt Sattani's Motion for Judgment of Acquittal is **DENIED**.

Defendant also seeks to adopt Sattani's Motion for New Trial. Many of the arguments raised in Sattani's Motion, however, are not equally applicable to Defendant. Accordingly, Defendant should not be allowed to adopt these arguments. As to those arguments in Sattani's Motion which are equally applicable to both Defendants (arguments 1, 6, 12, 14-15, 17, 19), Defendant's Motion for New Trial, filed March 15, 2005, raises those issues so as to make moot Defendant's motion to adopt those arguments in Sattani's Motion for New Trial. Accordingly, Defendant's Motion to Adopt Sattani's Motion for New Trial is **DENIED**.

Defendant further seeks to adopt Sattani's Motion in Arrest of Judgment. That motion is

based on arguments related to the insufficiency of the indictment as it pertains to the element of bank fraud. Sattani argues that the judgment should be held in arrest because the indictment does not contain a written statement of the fact that Sattani's actions placed the bank at risk of civil liability or financial loss. The Court concludes that this argument is equally applicable to both Defendants and therefore Defendant is entitled to adopt Sattani's Motion in Arrest of Judgment. However, this Court, having reviewed Sattani's Motion in Arrest of Judgment, denied the motion. Accordingly, DeMik's Motion to Adopt Sattani's Motion in Arrest of Judgment is **DENIED as MOOT**. (*See* Mem. Op. & Order ruling on Sattani's Motion in Arrest of Judgment, entered May 6, 2005.)

The Court therefore **ADOPTS** as amended the Findings and Conclusions of the Court, the Findings and Conclusions of the Magistrate Judge.

DATED: May 6, 2005.

_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT
NORTHERN DISTRICT OF TEXAS