IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. 3:04-CR-289-H |
| | * | |
| JAMES DEMIK | * | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the United States' Motion and Brief for Issuance of a Final Order of Forfeiture, filed August 26, 2005; Defendant' James DeMik's Response, filed September 9, 2005; the Government's Agreed Motion to Stay Consideration of Forfeiture, filed September 23, 2005; and the Court's Order granting stay until after sentencing, filed September 26, 2005.

For the reasons that follow, the Government's motion for issuance of final order of forfeiture is granted in part and denied in part.

### I. BACKGROUND

On August 25, 2004, an Indictment was returned in this case, charging Defendant James DeMik with bank fraud and money laundering. The underlying transaction involved fraudulently obtaining and laundering proceeds from loans guaranteed by the Small Business Association to purchase convenience stores. Count Eleven of the Indictment sought forfeiture of a sum of money equal to $9,975,000 and of any property, real or personal, involved in the bank fraud. Count Eleven also sought forfeiture of any property, real or personal, involved in the money laundering offenses, or any property traceable to such property, in specified additional amounts.

On March 4, 2005, a jury found DeMik guilty on all counts of bank fraud and money laundering. The jury further found by special verdict that the forfeiture amount in Count Two (bank fraud) was $9,975,000; in Count Three (money laundering) was $600,000; and in Count 4 (money

laundering) was $1,184,957.84. On all other counts, the jury returned special verdicts finding forfeiture amounts to be nil. Defendant was sentenced on October 13, 2005. In the motion before the Court, filed prior to sentencing, the Government seeks a Final Order of Forfeiture in the form of a personal money judgment for $11,219,957.84, the sum of all the special verdicts. Following entry of the personal money judgment, the Government expressly reserves the right to pursue substitute assets in the form of real or personal property to fulfill that judgment.

Defendant opposes the proposed order of final forfeiture on the following primary grounds: (1) that the total amount represents "double counting" of the same money involved in the bank fraud and in the money laundering; (2) that the amount should be offset by the victim bank's recovery of money through foreclosure sale of some of the property purchased with the fraudulently obtained funds; (3) that because Defendant's commission of $30,000 constitutes his sole profit from this enterprise, the forfeiture amount is an excessive fine banned by the Eighth Amendment; and (4) that the proposed forfeiture ignores the property rights of Defendant's spouse and provides her with no recourse to protect them. For the reasons that follow, the Court agrees with Defendant's first point, clarifies Defendant's final point, and disagrees on the others.

## II. ANALYSIS

Under federal law, all proceeds obtained from unlawful conduct, and property traceable to those proceeds, are subject to criminal forfeiture. *United States v. Betancourt*, 422 F.3d 240, 250 (5th Cir. 2005). Entry of a final order of forfeiture in the form of a personal money judgment is authorized by Federal Rule of Criminal Procedure 32.2. *See United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000), *cert. denied*, 531 U.S. 1151 (2001)*; United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999), *cert. denied*, 529 U.S. 1055 (2000). Under Rule 32.2(b), the Court determines the forfeiture dollar amount from the record or, if forfeiture is opposed, from information presented

by the parties at a hearing after the verdict or finding of guilt. FED. R. CRIM. P. 32.2(b). In this case, Defendant cannot dispute that the Government is entitled to a money judgment forfeiture. The only issue is in what amount.

### A.     Double Counting

Defendant's first argument against entry of the Government's proposed final order of forfeiture is that the amount requested represents impermissible double-counting. The Court agrees.

Under the theory of statutory criminal forfeiture, a defendant is required to disgorge his or her gain from the criminal enterprise. *See United States v. Swanson,* 394 F.3d 520, 528 (7th Cir. 2005). In this case, the same "gain" derived from the bank fraud was subsequently laundered. To order forfeiture of a monetary amount in the sum of the two offenses is to count the same gain twice. *See United States v. Genova*, 333 F.3d 750, 762 (7th Cir. 2003) (disallowing double counting of proceeds in a forfeiture action). To the extent the Government's motion so requests, it is denied.

### B.     Offset

Defendant next argues that the forfeiture amount should be offset by the victim bank's recovery of money through foreclosure sale of some of the properties involved. Unlike restitutionary statutes, however, forfeiture statutes make no provision for set-off by reason of the victim's recovery. *United States v. Pelullo*, 961 F. Supp. 736, 961 (D.N.J. 1997), *aff'd,* 185 F.3d 863 (3rd Cir. 1999), *cert. denied,* 528 U.S. 1096 (2000); *see also Swanson*, 394 F.3d at 528 (contrasting forfeiture with restitution); *St. Paul Fire & Marine Ins. Co. v. Genova*, 172 F. Supp. 2d 1001, 1006 (N.D. Ill. 2001) (comparing restitution and forfeiture statutes under RICO). Accordingly, the Court overrules Defendant's request for an equitable reduction of the forfeiture amount.

### C.     Eighth Amendment

Similarly unavailing is Defendant's argument that the forfeiture amount is an impermissible fine. The Eighth Amendment to the United States Constitution prohibits the government from collecting excessive fines. *United States v. Bajakajian*, 524 U.S. 321, 327 (1998). As the Fifth Circuit has recently reiterated, forfeiture of the proceeds of criminal activity is a separate and distinct concept from punishment by fine. *See United States v. Betancourt,* 422 F.3d 240, 250 (5th Cir. 2005). The Eighth Amendment's proscription therefore does not serve to limit the amount the Government can recover here.

Defendant's reliance on the decision in *United States v. Bajakajian* to support his argument is misplaced. *See* 524 U.S. 321 (1998). In that case, forfeiture of approximately $350,000 in cash was held to be unconstitutionally excessive in light of the relative gravity of the currency-reporting crime involved. *Id.* at 324. The *Bajakajian* defendant failed to report, in violation of federal law, that he was taking more than $10,000 in currency outside the country. The Court reasoned that, unlike the unreported export of currency involved in money laundering or drug trafficking, the money in *Bajakajian* was legally obtained, and the sole offense was the failure to report it. Accordingly, forfeiture of the unreported money was held to be punitive in nature and thus a "fine" subject to the limitations of the Eighth Amendment. *Id.* at 344.

Unlike the "innocent" money in *Bajakajian,* however, the funds in this case were gained in the commission of the precise felony the underlying statute was designed to prohibit. *See Betancourt,* 422 F.3d at 250 n. 5 (distinguishing *Bajakajian* on grounds that it did not involve proceeds of drug trafficking); *cf. Bajakajian, 524 U.S.* at 339 ("Whatever his other vices, respondent does not fit into the class of persons for whom the statute was principally designed."). Under *Betancourt* and this Circuit's controlling law, the forfeiture here is not a fine. *See Betancourt*, 422 F.3d at 249-50. Defendant's objection on Eighth Amendment grounds is therefore overruled.

**D.     Ancillary Proceedings**

Finally, Defendant argues that the proposed forfeiture by personal money judgment ignores the property rights of Defendant's spouse and provides her with no recourse to protect them. The Court disagrees.

Protection of a third party's property rights is no less effective in an action for criminal forfeiture by personal money judgment than in an action for forfeiture of specific property. In the latter, the Court enters a preliminary order naming the property. Following notice provided by the Government, a party asserting an interest in that property files a petition for an ancillary proceeding, in which the court determines the party's and the Government's rights. FED. R. CRIM. P. 32.2(c).

Forfeiture in the form of a personal money judgment, as in this case, proceeds differently but no less circumscribed by procedural safeguards. Under express provision of the rules, an ancillary proceeding is not required. *See* Fed. R. Crim. P. 32.2(c)(1). However, should the Government in the future seek "substitute assets" to fulfill the judgment, as the Government has expressed its intention to do here, third-party property rights will be protected. *See* 21 U.S.C. § 853(p); 18 U.S.C. § 982; Fed. R. Crim. P. 32.2(e)(1)(B); FED. R. CRIM. P. 32.2(e)(2); *see also Candelaria-Silva*, 166 F.3d at 42 (allowing seizure of substitute assets pursuant to a money judgment forfeiture). To pursue specific assets in satisfaction of the money judgment in this case, the Government must move to amend the final order to include the substitute assets. *See* FED. R. CRIM. P. 32.2(e)(1)(B). At that time, to satisfy due process, the Government is **DIRECTED** to provide notice to DeMik's spouse and any other third party known to the Government to have a potential ownership interest in the substitute assets. *See* Fed. R. Crim. P. 32.2(e)(2). Should a third party then petition, the Court will conduct an ancillary proceeding to determine his or her rights with regard to the property. *See id*.

5

Accordingly, Defendant's concerns about protecting Mrs. DeMik's property interests are at this time premature.

### III. CONCLUSION

The Government is entitled to a final order of forfeiture, but not in the amount specified. The motion is therefore **GRANTED IN PART and DENIED IN PART.** The Government is **DIRECTED** to submit a proposed Final Order of Forfeiture that comports with this Order by **noon December 5, 2005**. If Defendant objects to the order as not conforming to the holding herein, he may file his objection by **noon**, **December 12, 2005.**

SO ORDERED.

DATED: November 21, 2005.

*/s/ Barefoot Sanders*
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS